JAN P. JOHNSON
Standing Chapter 13 Trustee
P. O. Box 1708
Sacramento, California 95812-1708
(916) 492-8001
pobox1708@jpj13trustee.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

IN RE:

DAVID W. STANLEY,
LEDA K. STANLEY,

Debtor(s)

Case No: 09-38149-B-13J
DC No.: JPJ-1

**TRUSTEE'S OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN AND CONDITIONAL MOTION TO DISMISS CASE**

DATE: October 27, 2009
TIME: 9:32 A.M.
COURTROOM: 33

JAN P. JOHNSON, CHAPTER 13 TRUSTEE, objects to confirmation of the Debtor(s) Plan and does not recommend its confirmation as:

1. The plan is incomplete as it fails to specify a monthly contract installment for More Equity in Class 1. It is impossible for the trustee to administer an incomplete plan.

2. According to the proof of claim filed by More Equity, the monthly contract installment is $1,303.00. Based on this amount, the trustee calculates that the plan will take more than 100 months to complete which exceeds the maximum length of 60 months pursuant to 11 U.S.C. Section 1322(d) and results in a commitment period that exceeds the permissible limit imposed by 11 U.S.C. Section 1325(b)(4).

1

3. The plan payment of $95.00 is less than the aggregate of the trustee's fee, the monthly contract installment on Class 1 claims, the monthly payment for administrative expenses and the monthly dividends specified for Class 1 arrearage and Class 2 secured claims. Based on the monthly contract installment for More Equity of $1,303.00, the aggregate of these monthly amounts is $1,521.00. The plan fails to comply with Section 5.02 of the form plan.

4. According to Schedule J, the debtors owe a secured obligation for a furniture loan. The plan fails to provide treatment for this secured obligation. The plan fails to comply with 11 U.S.C. Section 1325(a)(5)(A) or (B).

5. The Statement of Current Monthly Income (Form 22C) includes transportation ownership expenses for Vehicle 1 and Vehicle 2. According to Schedules B and D, the debtors' vehicles are owned free and clear of liens. The debtors may not include these expenses on the Form 22C. In Re Ransom, 380 B.R. 799 (B.A.P. 9th Cir. 2007). In addition, the Form 22C includes and expense of $100.00 for the second mortgage held by Washington Mutual. The plan includes an Attachment M-3 Motion to Value the Collateral at $154,500.00 making the second mortgage held by Washington Mutual an unsecured debt. Payments on a debt that is entirely unsecured cannot be deducted as secured debt payments. In Re Thissen, 400 B.R. 776. The trsutee calculates that the debtors' correct monthly disposable income is $1,791.02 and the debtors must pay no less than $107,461.20 to general unsecured creditors. The plan proposes 0% to general unsecured creditors. The plan fails to comply with 11 U.S.C. Section 1325(b)(1)(B).

WHEREFORE the movant prays that the Court enter an order denying confirmation of the debtor's Plan, and an order dismissing the case if a new Plan is not filed, served on all parties, and set for hearing by November 10, 2009.

Dated: October 8, 2009 /s/ Jan P. Johnson
Standing Chapter 13 Trustee